UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QISHEN XUE,

                              Plaintiff,

-against-

COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; COLUMBIA GLOBAL CENTERS; LINDA AMROU; LEE BOLLINGER; and MADELEINE ZELIN,

                              Defendants.

23-CV-7502 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed this action alleging that the defendants discriminated against her on the basis of her disability.[1] The Court construes the complaint as asserting claims under the Rehabilitation Act of 1973 and state law. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that district courts must construe a *pro se* plaintiff's complaint as asserting claims under laws of which factual allegations suggest a violation).

      By order dated September 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Doc. 3.) As set forth in this order, the Court: (1) directs service on Defendants Columbia University, Columbia Global Centers, Linda Amrou, Lee Bollinger, and Madeleine Zelin; and (2) denies Plaintiff's application for appointment of *pro bono counsel* without prejudice to renewal at a later date.

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (Doc. 6.)

## DISCUSSION

A. **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Columbia University, Columbia Global Centers, Linda Amrou, Lee Bollinger, and Madeleine Zelin through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those defendants.

If the amended complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the defendants until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve the defendants until 90 days after the date summonses are issued.

B.  **Denial of *Pro Bono* Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel. (Doc. 8.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to Plaintiff's renewing such an application at a later date.

## CONCLUSION

The Clerk of Court is instructed to: (1) issue summonses for Defendants Columbia University, Columbia Global Centers, Linda Amrou, Lee Bollinger, and Madeleine Zelin; (2) complete a USM-285 forms with the addresses of each defendant; (3) deliver all documents necessary to effect service of the summonses and the amended complaint on those defendants to the U.S. Marshals Service; and (4) mail an information package to Plaintiff.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to renewal at a later date.

Plaintiff may receive court documents by email by completing the attached form, [Consent to Electronic Service](#).[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 1, 2024
        New York, New York

                                              _____
                                              VERNON S. BRODERICK
                                              United States District Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1. Columbia University in the City of New York
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027

2. Columbia Global Centers
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027

3. Linda Amrou
   Global Affairs Office
   University of California, Davis
   Suite 3120
   463 California Ave.
   Davis, CA 95616

4. Lee Bollinger, President
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027

5. Madeleine Zelin, Professor
   Office of the General Counsel
   Columbia University
   412 Low Memorial Library
   535 West 116th Street
   New York, NY 10027