**JacksonLewis**

> **APPLICATION GRANTED**
> **SO ORDERED**
> **VERNON S. BRODERICK**
> **U.S.D.J.** 9/23/2024
>
> Having considered the relevant factors, including whether Defendants have made a "strong showing" that Plaintiff's claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendants have met their burden to show good cause why discovery should be stayed. Accordingly, discovery is hereby STAYED pending my decision on the motion to dismiss. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 34. SO ORDERED.

September 12, 2024

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:   Qishen Xue v. Trustees of Columbia University in the City of New York, *et al.*
Civil Action No. 1:23-CV-7502 (VSB)**

Dear Judge Broderick:

We represent Defendants The Trustees of Columbia University in the City of New York ("Columbia"), Lee Bollinger, Linda Amrou, and Madeleine Zelin (collectively "Individual Defendants") in this matter. Pursuant to the Court's August 29, 2024 Order (Docket No. 31), we submit this letter motion for a stay of discovery pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint, In Part.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, a court has discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c). Although a stay of discovery pending the outcome of a motion to dismiss is not automatic, courts routinely conclude that a stay is warranted where, as here, defendant has demonstrated that the claims lack merit, the discovery will be burdensome, and the stay would not prejudice the plaintiff. See <u>Alapaha View Ltd. v. Prodigy Network, LLC</u>, No. 20 CV 7572 (VSB), 2021 U.S. Dist. LEXIS 89789 *3-4 (S.D.N.Y. May 10, 2021); <u>Am. Fed'n of Musicians & Emplrs' Pension Fund v. Atl. Recording Corp.</u>, No. 15 CV 6267(GHW), 2016 U.S. Dist. LEXIS 66201, at *2 (S.D.N.Y. Jan. 8, 2016) (staying discovery pending resolution of defendants' partial motion to dismiss); <u>Thomas v. New York City Dep't of Educ.</u>, No. 09 CV 5167 (SLT), 2010 U.S. Dist. LEXIS 95798, at *9 (E.D.N.Y. Sept. 14, 2010) (granting stay of discovery and noting that "even if defendants' motion to dismiss is granted only in part, such a ruling will narrow and clarify the scope of the issues in this litigation").

First, Defendants' motion to dismiss Plaintiff's negligence claim against all Defendants and Americans with Disabilities Act ("ADA") claim against the Individual Defendants is likely to succeed on the merits. Plaintiff, a former Columbia graduate student and recipient of the scholarship for displaced students, alleges that Defendants were negligent because a press release

regarding the scholarship recipients described Plaintiff as a "political prisoner." Plaintiff further alleges that thereafter they developed bipolar disorder and were unable to complete their academic program. As set forth in Defendants' motion to dismiss, there is no claim under New York law for "negligence of paperwork", and, in any event, Plaintiff cannot establish that any of the Defendants had a duty to them or that the harm alleged was reasonably foreseeable. Similarly, the claims under the ADA against the Individual Defendants fail as a matter of law because it is well established that Title III of the ADA does not permit individual employees to be held liable for actions taken in the course of their employment, especially when, as in this case, the employer entity is subject to suit. In their opposition to the motion to dismiss, Plaintiff did not provide any substantive response to the legal arguments for dismissal, much less articulate any legitimate basis to deny the motion. If the Court grants Defendants' motion in its entirety, the "negligence of paperwork" claim will be eliminated, and the Individual Defendants will no longer be parties to the case.

Second, dismissal of the negligence claim will substantially narrow the scope of discovery and reduce the cost and time associated with completing discovery. The discovery required for the negligence claim is completely distinct from that required for the ADA claim. The negligence claim will require discovery regarding the use of certain language in publicity materials, the communications regarding such materials, and the actions taken with respect to the use of such language and the alleged harm resulting therefrom. Since Plaintiff alleges that their mental health disability resulted from Defendants' alleged "negligence of paperwork", discovery will be necessary into Plaintiff's health prior to the alleged "negligence of paperwork" in 2020, requiring Defendants to subpoena medical records from various health care providers, many of whom are likely outside New York, for the years prior to Plaintiff's arrival at Columbia in August 2020. In contrast, the ADA claim is based on the alleged failure to accommodate Plaintiff's disability, with which Plaintiff does not purport to have been diagnosed until February 2021. The discovery with respect to Plaintiff's alleged emotional distress damages resulting from the way they were treated after becoming disabled could be limited to medical records relating to the period beginning in August 2020. If a stay is not granted, the parties will be required to spend unnecessary time and financial resources on discovery that likely will not serve any purpose. See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). This is particularly significant with respect to Defendant Amrou, who is no longer employed by Columbia and currently resides in California, making her participation in discovery that much more burdensome. Plaintiff does not allege that Defendant Amrou took or failed to take any actions with respect to Plaintiff after they became disabled, so the dismissal of the "negligence of paperwork" cause of action will eliminate the need for any discovery from Defendant Amrou.

Finally, a stay of discovery would not prejudice the *Pro Se* Plaintiff. Courts have routinely held that staying discovery pending the outcome of a dispositive motion is not prejudicial. See O'Sullivan v. Deutsche Bank AG, No. 17 CV 8709 (LTS)(GWG), 2018 U.S. Dist. LEXIS 70418 at *9 (S.D.N.Y. Apr. 26, 2018) (granting stay holding that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay."); Am. Fed'n of Musicians & Emplrs' Pension Fund v. Atl.

Recording Corp., No. 15 CV 6267(GHW), 2016 U.S. Dist. LEXIS 66201, at *2 (S.D.N.Y. Jan. 8, 2016).  There is no particular time sensitivity associated with Plaintiff's claims.  Additionally, the requested stay will result in relatively minimal delay as neither party sought an extension of time in connection with the motion, and the motion was fully briefed and submitted on July 29, 2024.

See HAHA Global, Inc. v. Barclays, No. 19 CV 04749 (VEC)(SDA), 2020 U.S. Dist. LEXIS 29637, at *3 (S.D.N.Y. February 20, 2020) (granting stay and finding that "staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed").

Accordingly, Defendants respectfully request that the Court stay discovery until Defendants' motion to dismiss is decided.

Respectfully submitted,

*Susan D. Friedfel*

Susan D. Friedfel
914-872-8027
Susan.Friedfel@jacksonlewis.com
JACKSON LEWIS P.C.

cc:   Qishen Xue, *Pro Se Plaintiff* (via email and U.S. Mail with encl.)

Encl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

QISHEN XUE,

                             Plaintiff,

            -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, COLUMBIA GLOBAL CENTERS, LEE BOLLINGER, MADELEINE ZELIN, AND LINDA AMROU,

                            Defendants.

Case No. 1:23-CV-7502

-----------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the Defendants' Letter Motion for a Stay of Discovery, was filed via ECF and served via UPS, on September 12, 2024 upon Plaintiff *Pro Se* at the address set forth below:

Qishen Xue
1931 71st Street, Floor 2
Brooklyn, New York 11204

_____
Susan D. Friedfel